UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE FRANK SHEPPARD                                         CIVIL ACTION

VERSUS                                                                     NO. 16-2401

LIBERTY MUTUAL INSURANCE                              SECTION "R" (3)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is plaintiff Jesse Frank Sheppard's motion for appeal and review[1] of Magistrate Judge Knowles' order[2] denying Sheppard's motion to file a First Amended Complaint.[3] The Court denies Sheppard's motion because Sheppard has failed to show that Magistrate Judge Knowles' order is clearly erroneous or contrary to law.

### I.     BACKGROUND

This suit was originally filed in the Civil District Court for the Parish of Orleans.[4] Defendant Mosaic Global Holding Inc. removed to this Court on March 22, 2016.[5] In his complaint, Sheppard alleges that he was exposed to asbestos "[o]n a daily basis" as an employee of Mosaic's predecessor company, Freeport Sulphur Company.[6] This exposure allegedly caused Sheppard to develop asbestos-related cancer, lung cancer, and/or

---

[1]    R. Doc. 68.
[2]    R. Doc. 60.
[3]    R. Doc. 5.
[4]    R. Doc. 1 at 1.
[5]    *Id.*
[6]    R. Doc. 1-1 at 5.

mesothelioma.[7] Although Sheppard stopped working for Freeport in the early- to mid-1990s,[8] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[9]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[10] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[11]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in solidio* liable."[12] He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[13]

According to his complaint, Sheppard worked at several Freeport facilities, including Freeport's Caminada facility.[14] In its notice of removal, Mosaic asserts that the Caminada facility was located on the Outer Continental Shelf, and that jurisdiction in this Court is therefore proper under the Outer Continental Shelf Act (OCSLA).[15] Shortly after removal, Sheppard moved to amend his complaint to remove any allegations regarding

---

[7]   *Id.* at 6.
[8]   Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976." R. Doc. 1-1 at 5, 6.
[9]   R. Doc. 1-1 at 6.
[10]  *Id.* at 6, 7.
[11]  *Id.* at 3, 4, 8.
[12]  *Id.* at 29.
[13]  *Id.*
[14]  R. Doc. 1-1 at 5.
[15]  R. Doc. 1 at 2.

the Caminada facility.[16] Magistrate Judge Knowles denied Sheppard's motion, and found that Sheppard's proposed amendments are both futile and sought in bad faith.[17] Sheppard now seeks appellate review of the Magistrate Judge's order.[18]

## II.   LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive civil motion may be appealed to the district court.  Fed. R. Civ. P. 72(a).  When a timely objection is raised, the district judge must review the Magistrate Judge's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law."  *Id.*   Under this highly deferential standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently."  *Ordemann v. Unidentified Party*, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (internal quotations omitted). Instead, the decision must be affirmed unless "on the entire record [the court] is left with a definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (discussing the "clearly erroneous" standard).

## III.   DISCUSSION

After reviewing the applicable law, the Magistrate Judge's order, and the parties' arguments, the Court finds no error in Magistrate Judge Knowles' order.  Sheppard's attempt to amend under Rule 15(a) is unavailing because "[a] party may not employ Rule

---

[16]   R. Doc. 5.
[17]   R. Doc. 60 at 5.
[18]   R. Doc. 68.

15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) (quoting 6 Wright, Miller & Kane, *Federal Practice & Procedure*, § 1447 at 562 (2d ed. 1990).

Furthermore, as noted by the Magistrate Judge, the Fifth Circuit has specifically upheld denial of a motion for leave to amend when the district court found: (1) "bad faith on the part of [plaintiff] for forum shopping, noting that [plaintiff's] intention was to defeat federal jurisdiction," and (2) "that the amendment would be futile because a court looks at the claims in the state court petition as they existed at the time of removal when determining whether federal jurisdiction is present for purposes of removal." *Bouie v. Equistar Chemicals LP*, 188 F. App'x 233, 238-39 (5th Cir. 2006). The Court finds no mistake in the Magistrate's finding that the amendment at issue here is both futile and made in bad faith.

## IV. CONCLUSION

For the foregoing reasons, Jesse Franks Sheppard's Motion to Review and Objections to Magistrate's Ruling on Plaintiff's Motion for Leave of Court to File First Amending Complaint as a Matter of Course Pursuant to Federal Rule of Civil Procedure 15(A)(1) is DENIED.

New Orleans, Louisiana, this __26th__ day of October, 2016.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE