UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE FRANK SHEPPARD | CIVIL ACTION |
| VERSUS | NO. 16-2401 |
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | SECTION "R" (3) |

# ORDER AND REASONS

Mosaic Global Holdings Inc. moves to dismiss Plaintiff Jesse Frank Sheppard's fraud claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court finds that Sheppard has failed to individually plead what Mosaic gained by allegedly withholding information from Sheppard, Mosaic's motion is granted.

## I.   BACKGROUND

This suit was originally filed in the Civil District Court for the Parish of Orleans.[1] Defendant Mosaic Global Holdings Inc. removed the action to this Court on March 22, 2016.[2] In his complaint, Sheppard alleges that he was exposed to asbestos "[o]n a daily basis" as an employee of Mosaic's

---

[1]   R. Doc. 1 at 1.
[2]   *Id.*

predecessor company, Freeport Sulphur Company.[3] This exposure allegedly caused Sheppard to develop asbestos-related cancer, lung cancer, and/or mesothelioma.[4] Although Sheppard stopped working for Freeport in the early- to mid-1990s,[5] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[6]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[7] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[8]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in*

---

[3]  R. Doc. 1-1 at 5.
[4]  *Id.* at 6.
[5]  Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976." R. Doc. 1-1 at 5, 6.
[6]  R. Doc. 1-1 at 6.
[7]  *Id.* at 6, 7.
[8]  *Id.* at 3, 4, 8.

*solidio* liable."[9]  He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[10]

Mosaic now moves to dismiss Sheppard's fraud claims for failure to state a claim under the heightened pleading standards of Federal Rule of Civil Procedure 9(b).[11]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

---

[9]    *Id.* at 29.
[10]   *Id.*
[11]   R. Doc. 12.

Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). A court is permitted, however, to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may not consider new factual allegations made outside the complaint. *See Fin. Acquisition Partners, LP*, 440 F.3d at 289.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for fraud claims. The purpose of Rule 9(b) is to "ensur[e] the complaint 'provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'" *United States ex. rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The required conditions of a person's mind, however, may be alleged generally. *Id.* The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements

4

contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009), *cert. denied*, 588 U.S. 873 (2009). In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The requirements of Rule 9(b) are "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Lentz v. Trinchard*, 730 F.Supp.2d 567, 579 (E.D.La. 2010) (citing *Grubbs*, 565 F.3d at 185) (quoting *Twombly*, 550 U.S. at 570). State-law fraud claims, such as those alleged by plaintiff here, are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. "Fraud may also result from silence or inaction." *Id.* The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material

5

fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Medical Center v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008), *cert. denied*, 555 U.S. 1046 (2008); *see also Gonzalez v. Gonzalez*, 20 So.3d 557, 563 (La. Ct. App. 2009), *writ denied*, 27 So.3d 305 (La. 2010).

In cases concerning "omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the misrepresentations misleading." *Carroll v. Fort St. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). To state a claim for fraud by silence or inaction, plaintiffs also must show that the there was a duty to disclose the information. *Kadlec Medical Center*, 527 F.3d at 418 ("To establish a claim for intentional misrepresentation when it is by silence or inaction, plaintiffs also must show that the defendant owed a duty to the plaintiff to disclose the information."); *see also Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La. 1992) ("To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information.").

## III.  DISCUSSION

Courts in this district recognize that "[f]raud by silence . . . 'is, by its very nature, difficult to plead with particularity.'"  *In re Ford Motor Co. Vehicle Paint Litig.*, No. 1063, 1997 WL 539665, at *3 (E.D. La. Aug. 27, 1997) (quoting *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F. Supp. 587, 598 (E.D.La. 1993)).  This does not, however, excuse plaintiffs alleging such fraud from the requirements of Rule 9(b).  Therefore, to plead a claim for fraudulent concealment, the plaintiff must specifically allege: "(1) the information that was withheld, (2) the general time period during which the fraudulent conduct occurred, (3) the relationship giving rise to the duty to speak, and (4) what the person or entity engaged in the fraudulent conduct gained by withholding the information."  *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. 15-638, 2016 WL 5869787, at *9 (E.D. La. Oct. 7, 2016); *see also Sarrat v. Univar U.S.A., Inc.*, No. 14-1017, 2014 WL 3588849, at *2 (E.D. La. July 18, 2014) (applying test); *In re Ford Motor Co. Vehicle Paint Litig.*, 1997 WL 539665, at *3 (same).

Furthermore, "group pleading is impermissible under Rule 9(b)." *Boutain v. Radiator Specialty Co.,* No. 11-1907, 2011 WL 6130754, at *2 (E.D. La. Dec. 8, 2011); *see also Quintero Cmty. Ass'n Inc. v. F.D.I.C.*, 792 F.3d 1002, 1010 (8th Cir. 2015) ("Appellants' shotgun-style allegations of

wrongdoing by all the Director Defendants generally, in a group pleading fashion does not satisfy Rule 9(b)." (internal quotations and modifications omitted). Claims for fraudulent concealment will therefore be dismissed if any one of the four required elements is pled generally as to all defendants, rather than specifically as to a single defendant. *See id.* (complaint alleging fraud may not group the defendants together; plaintiffs must plead "specific facts as to each defendant for each of the Rule 9(b) requirements."); *see also Lang v. DirecTV*, 735 F.Supp.2d 421, 437 (E.D. La. 2010) ("[A] complaint alleging fraud may not group the defendants together."). Here, Sheppard has failed to plead what Freeport gained by withholding information about the danger of asbestos. His complaint therefore fails to meet the fourth requirement for specifically alleging fraud under Rule 9(b).

Sheppard's allegations concerning defendants' gains from withholding information are contained in two nearly identical paragraphs. Sheppard alleges:

> The misrepresentations and suppressions of the truth of occupational health hazards were made by all defendants with the intent of obtaining an unjust advantage over Mr. Sheppard and other employees who remained uninformed and ignorant of the risks of contracting occupational lung diseases form their work environment. These misrepresentations and suppressions were calculated to produce the effect of misleading the employees so that they would not associate any lung disease with occupational exposure on the job. As a result of these misrepresentations and suppressions, all defendants sought to

8

>prevent or limit occupational disease claims by injured employees and claims from family members who also contracted disease.[12]

This allegation is plainly aimed at "defendants" as a whole, rather than Mosaic or any other specific defendant. It therefore constitutes impermissible group pleading under Rule 9(b).

Although Sheppard has failed to meet the requirements of Rule 9(b), this error "may reflect mere pleading defect, rather than a more fundamental problem with his claims." *Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 WL 3598297, at *4 (E.D. La. July 5, 2016). Accordingly, the Court dismisses Sheppard's claim without prejudice and with leave to amend within twenty-one days of entry of this order. *See id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

---

[12] R. Doc. 101 at 9; *see also id.* at 24-25 (making nearly identical allegations).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Mosaic's motion to dismiss Sheppard's fraud claim against Mosaic for failure to state a claim. This dismissal is WITHOUT PREJUDICE and with leave to file an amended complaint within twenty-one days of this order.

New Orleans, Louisiana, this __17th__ day of November, 2016.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE