UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSE FRANK SHEPPARD | CIVIL ACTION |
| VERSUS | NO. 16-2401 |
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiff Jesse Frank Sheppard moves to remand this case to the Civil District Court for the Parish of Orleans. Because jurisdiction in this Court is is proper under the Outer Continental Shelf Lands Act (OCSLA), Sheppard's motion is denied.

### I. BACKGROUND

This suit was originally filed in the Civil District Court for the Parish of Orleans.[1] Defendant Mosaic Global Holdings Inc. removed to this Court on March 22, 2016.[2] In his complaint, Sheppard alleges that he worked "in various positions" for Mosaic's predecessor company, Freeport Sulphur

---

[1] R. Doc. 1 at 1.
[2] *Id.*

Company.[3] During his time at Freeport, Sheppard was allegedly exposed to asbestos "[o]n a daily basis."[4] Sheppard asserts that this exposure caused him to develop asbestos-related cancer, lung cancer, and/or mesothelioma.[5] Although Sheppard stopped working for Freeport in the early- to mid-1990s,[6] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[7]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[8] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[9]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in*

---

[3]     R. Doc. 1-1 at 5.
[4]     *Id.* at 4.
[5]     *Id.* at 6.
[6]     Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976." R. Doc. 1-1 at 5, 6.
[7]     R. Doc. 1-1 at 6.
[8]     *Id.* at 6, 7.
[9]     *Id.* at 3, 4, 8.

*(proceeding)*
*solidio* liable."[10]  He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[11]

Sheppard now moves to remand this suit to state court.[12]  Mosaic and co-defendants Liberty Mutual Insurance Company and General Electric oppose the motion, and assert that this Court may exercise jurisdiction under the Outer Continental Shelf Lands Act (OCSLA).[13]  Defendants argue in the alternative that the Court has federal question jurisdiction because the Outer Continental Shelf is a federal enclave.

## II.  LEGAL STANDARD

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  In assessing whether removal was

---

[10]  *Id.* at 29.
[11]  *Id.*
[12]  R. Doc. 61.
[13]  R. Doc. 69; R. Doc. 71; R. Doc. 72.

3


appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."  *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III.  DISCUSSION

Defendants argue that this Court may exercise jurisdiction based on Sheppard's allegation that a portion of his asbestos exposure occurred at Freeport's Caminada Facility, which is located on the Outer Continental Shelf (OCS).  Specifically, Sheppard alleges that:

> From approximately 1967 through 1992, Jesse Frank Sheppard was employed by and on the premises of Freeport's Port Sulphur Facility, Grand Isle Facility, Garden Island Bay facility, *Caminada Facility*, as well as various other drilling rigs.  On a daily basis during this employment, he was exposed to dangerously high levels of asbestos in the normal routine course of his work.[14]

The complaint further alleges that "[a]s a result of his exposure to asbestos fibers, Jesse Frank Sheppard contracted asbestos-related cancer, lung

---

14   R. Doc. 1-1 at 5 (emphasis added).

4

cancer, and/or mesothelioma, which was first diagnosed on or around October 21, 2015."[15]

In response, Sheppard argues that: (1) removal is inappropriate because at various times in his complaint he alleges that his injury was caused by exposure from 1967 to 1976, rather than through 1994; (2) new evidence suggests that Sheppard was not, in fact, exposed to asbestos at the Caminada Facility; and (3) even if Sheppard was exposed at Caminada, that exposure was not a "but-for" cause of his injury because the bulk of Sheppard's alleged exposure occurred at other Freeport facilities not on the OCS.

OCSLA contains an independent grant of federal jurisdiction. The pertinent provision, 43 U.S.C § 1349(b)(1), states:

> [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals . . . .

The Fifth Circuit has described this language as "straightforward and broad." *See Petrobras Am., Inc. v. Vicinay Cadenas, S.A.,* 815 F.3d 211, 215 (5th Cir. 2016); *see also EP Operating Ltd. P'ship v. Placid Oil Co.,* 26 F.3d 563, 569

---

[15] *Id.* at 6.

(5th Cir. 1994) ("[A] broad reading of the jurisdictional grant of section 1349 is supported by the expansive substantive reach of the OCSLA."). Under Fifth Circuit precedent, a district court has jurisdiction under OCSLA if "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013). "A plaintiff need not expressly invoke OCSLA in order for it to apply." *Id.* Sheppard does not meaningfully contest that the first two prongs of the test are satisfied: Sheppard worked at Caminada, which is located on the OCS, from mid-1991 through 1993, and Sheppard's work there furthered mineral development.[16]

Sheppard's first argument is quickly disposed of. He contends that removal is inappropriate because at various times in his complaint he alleges that his injury was caused by exposure running from 1967 to 1976, rather than through 1994.[17] Sheppard's inconsistencies, however, do not erase his allegation that he was exposed to asbestos at Caminada,[18] and that he "contracted asbestos related cancer, lung cancer, and/or mesothelioma as a

---

[16]   R. Doc. 71-1 at 2.
[17]   R. Doc. 1-1 at 5, 6.
[18]   *Id.* at 4.

6

result" of exposure lasting "[f]rom approximately 1967 through 1994."[19] The Court therefore finds that Sheppard's compliant plainly alleges that Sheppard was exposed to asbestos while working at the Freeport's Caminada facility.

Sheppard's second argument is based on his own testimony, in a deposition noticed by his own attorney, that he was not in fact exposed to asbestos on Caminada. It is true, as defendants emphasize, that "jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014); *see also Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015) ("[W]hen a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint *at the time the petition for removal is filed.*" (emphasis in the original)). Nevertheless, the Court may consider new evidence concerning facts *as they existed at the time of removal* even though that evidence is not yet in the record. *See Am. Nat. Prop. Cas. Co.*, 746 F.3d at 637 n.2 ("[W]hen subsequent discovery reveals that alleged jurisdictional *facts* were untrue at the time of removal a court may hold that jurisdiction was lacking at the time of removal." (emphasis in

---

[19]    *Id.* at 6.

original)); *see also Patlan v. Apache Corp.*, No. 09-926, 2010 WL 2293272, at *4 (E.D. Tex. May 11, 2010) *report and recommendation adopted*, No. 09-926, 2010 WL 2293275 (E.D. Tex. June 3, 2010) (considering affidavit submitted with defendant's response to motion to remand). The Court therefore considers Sheppard's new evidence as it relates to OCSLA jurisdiction.

After removal to this Court, in a deposition noticed by his attorney, Sheppard testified that he was not, in fact, exposed to asbestos while working at Caminada:

> Q  Where did you work after Garden Island Bay?
>
> A  Caminada
>
> Q  Did you have any exposure to asbestos at Caminada?
>
> A  No, ma'am.[20]

Sheppard, however, reversed himself on cross examination:

> Q  . . . [Y]ou can't tell us one way or the other whether any of the insulation at Caminada did or did not contain asbestos?
>
> A  Then, no. Now, yes.
>
> Q  Okay. You believe it to have contained asbestos as you sit here today?
>
> A  Yeah

---

[20]  R. Doc. 61-6 at 3.

> [Plaintiff's counsel objects to form.]
>
> Q    I'm sorry. Yes?
>
> A    Yes[21]

Furthermore, to the extent Sheppard did or does believe that he was not exposed to asbestos at Caminada, this belief is based on unattributed assurances from third parties:

> Q    You mentioned earlier that you didn't think that you were exposed to asbestos at Caminada. Why do you believe that?
>
> A    They said they had moved it all.[22]

Sheppard also made clear that his job duties did not change when he moved to Caminada[23]—he still worked with insulation.[24] Finally, Sheppard stated that he doesn't know the difference between asbestos and non-asbestos insulation, and cannot tell whether insulation has asbestos in it by looking at it.[25]

The Court finds that Sheppard's nebulous deposition is insufficient to overcome the clear allegations in his pleadings that a portion of his exposure occurred at Caminada. Sheppard's new testimony regarding Caminada is self-serving and self-contradictory, and it provides little foundation for

---

[21]   R. Doc. 69-2 at 1-2.
[22]   R. Doc. 69-1 at 29.
[23]   R. Doc. 69-1 at 28, 29.
[24]   R. Doc. 69-2 at 1.
[25]   R. Doc. 69-1 at 29.

9

Sheppard's purported knowledge. It therefore does not convincingly "reveal[]," *Am. Nat. Prop. Cas. Co.*, 746 F.3d at 637 n.2, that Sheppard's exposure was limited to his pre-Caminada work. Accordingly, the Court finds that Mosaic has met its burden to show (1) that Sheppard worked on the OCS in furtherance of mineral development, and (2) that, accepting as true Sheppard's allegations that he was exposed to asbestos while working at Freeport, Sheppard was exposed to asbestos while on the OCS. To require any more of Mosaic at this time would put defendants in the absurd position of being forced to prove plaintiff's case as a prerequisite to asserting federal jurisdiction. Sheppard's suggestion that this showing is insufficient—and that defendants must prove that Sheppard was, in fact, exposed to asbestos on Caminada—is therefore rejected.

In his third and final argument, Sheppard contends that even discounting his deposition, the facts as alleged do not meet the third prong of the Fifth Circuit's test for OCSLA jurisdiction—the but-for causation requirement. Given that he has alleged decades-long daily exposure to asbestos, Sheppard argues that the roughly two years he spent at Caminada cannot be a but-for cause of his illness.

Sheppard is wrong as a matter of law. Courts have long recognized that when a plaintiff is subjected to multiple tortious events, and each is

10

independently sufficient to cause plaintiff's injury, the but-for causation test will not work to excuse any single causative factor. *See* Fowler V. Harper, *et al.*, 4 *Harper, James and Gray on Torts* § 20.2, at 100-101 (3d ed. 2016); W. Page Keeton, *et al.*, *Prosser and Keeton on Torts* § 41, at 265-67 (5th ed. 1984). Different courts have reached this result in different ways. Some find that multiple sufficient causes may each serve as a but-for cause. *See, e.g.*, *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013) ("[A] plaintiff's injury can have multiple 'but-for' causes, each one of which may be sufficient to support liability."). Others simply maintain that the but-for test is inapplicable to independent, sufficient causes. *Petes v. Hayes*, 664 F.2d 523, 524-25 (5th Cir. 1981) ("The trial judge correctly instructed the jury as to the meaning of proximate cause under Louisiana law, and he correctly charged that the finding of more than one proximate cause does not necessarily preclude recovery.") The Fifth Circuit has explicitly applied the latter approach to progressive illness caused by asbestos exposure. *See In re Manguno*, 961 F.2d 533, 535 (5th Cir. 1992) ("We have abjured but for causation in the context of lung cancer injuries alleged to have been caused by asbestos."). No matter which analytical approach is favored, the result is clear: one sufficient cause is not excused by the presence of another.

11

Given that the but-for test would not excuse Freeport from liability for its OCS-based actions, it makes little sense to apply the same test to deny Freeport OCSLA jurisdiction. This conclusion is supported by the context in which the Fifth Circuit adopted the test in the first place. The but-for test is designed to give effect to OCSLA's broad reach over "cases 'arising out of or in connection with any operation conducted on the Outer Continental Shelf which involves . . . production of the minerals . . . .'" *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988) (quoting 43 U.S.C. § 1349(b)(1)); *see also Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155 (5th Cir. 1996) ("Use of the but-for test implies a broad jurisdictional grant under § 1349 . . . ."). Adopting Sheppard's proposed interpretation would turn the Fifth Circuit's intent on its head, and allow a strained, technical application of the but-for test to constrain the statutory language.

Accordingly, the Court finds that Sheppard's allegation that he suffered daily exposure to asbestos while working at Caminada, and that this exposure led to his illness, is sufficient to invoke federal jurisdiction under OCSLA. Sheppard's allegations raise no distinction between his exposure at Caminada and his exposure at the other Freeport facilities. Instead, the complaint states simply that "[f]rom approximately 1967 through 1994, Jesse Frank Sheppard was exposed to asbestos on a daily basis, and contracted

asbestos-related cancer, lung cancer, and/or mesothelioma as a result thereof . . . ." Although Sheppard's alleged non-Caminada exposure is no doubt sufficient to cause illness, a fair reading of Sheppard's complaint suggests that his years at Caminada are an independently sufficient cause as well. Exercising jurisdiction in this case is therefore appropriate under OCSLA's "broad" jurisdictional grant over cases "arising out of or in connection with" mineral operations on the OCS. *See Ronquille v. Aminoil Inc.,* No. 14-164, 2014 WL 4387337, at *2 (E.D. La. Sept. 4, 2014) (denying remand where "it appear[ed] that at least part of the work that Plaintiff allege[d] caused his exposure to asbestos arose out of or in connection with Shell's OCS operations").

To resist this conclusion, Sheppard cites a single Mississippi district court case, *Hammond v. Phillips 66 Co.*, No. 14-119, 2015 WL 630918, at *1 (S.D. Miss. Feb. 12, 2015). That case is neither binding, nor on point. In *Hammond*, the district court found that the plaintiff's alleged nine-month exposure on the OCS was insufficient to cause asbestosis, a disease which "results from the inhalation of asbestos fibers over a prolonged period of time" *Id* at *4. Here, by contrast, there is no evidence to suggest that Sheppard's particular alleged illnesses require more than daily exposure for two years.

13

Finally, Sheppard argues that this court should decline to exercise supplemental jurisdiction over Sheppard's state law claims under 28 U.S.C. § 1367(c). This request misunderstands the issue. Sheppard does not have a mix of state and federal claims. Rather, as explained above, all of Sheppard's claims "aris[e] out of, or in connection with" operations on the OCS. 43 U.S.C § 1349(b)(1). The Court therefore maintains federal question jurisdiction over all of his claims, and need not exercise supplemental jurisdiction over any of them.

## IV. CONCLUSION

For the foregoing reasons, Jesse Frank Sheppard's motion to remand is DENIED.

New Orleans, Louisiana, this __17th__ day of November, 2016.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE