UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE FRANK SHEPPARD                                CIVIL ACTION

VERSUS                                               NO. 16-2401

LIBERTY MUTUAL INSURANCE COMPANY, ET AL.             SECTION "R" (3)

ORDER

On January 4, 2017, three motions came on for oral hearing before the undersigned. Present were Gerolyn Roussel on behalf of plaintiff and Susan Kohn, James Guidry, Jennifer Adams, John Hainkel, and David Stein on behalf of various defendants. After the oral hearing, the Court took the motions under advisement. Having reviewed the pleadings and the case law, the Court rules as follows.

I.   Background

The complaint alleges as follows. On February 11, 2016, plaintiff filed his Petition for Damages in the Civil District Court for the Parish of Orleans alleging the defendants, which plaintiff collectively refers to as the "asbestos companies," caused or contributed to his development of asbestos-related lung cancer. In particular, plaintiff claims that from approximately 1967 through 1992 during his employment "in various positions by and on the premises of Freeport's Port Sulphur facility, Grand Isle facility, Garden Island Bay facility, Caminada facility, as well as various drilling rigs," he was exposed on a "daily basis" to "asbestos and asbestos-containing products manufactured, distributed, and sold by the 'asbestos companies.'" The alleged years of asbestos-exposure are extended to 1994 in the following paragraph. All defendants are alleged to be "jointly, severally, and *in solido* liable" to plaintiff.

Defendants removed the case to this Court on March 22, 2016 on the basis that this Court possesses original jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA").

## II.     The Motions to Quash

### A.     The Parties' Arguments

Two of the motions before the Court are near-identical motions:   Plaintiff's Motion to Quash Subpoena and Notice of Records Deposition [Doc. #175] and Plaintiff's Motion to Quash Subpoena and Notice of Records Deposition and Motion for Protective Order [Doc. #264].  Both motions present substantially the same arguments and will be combined for purposes of this Order.

On December 15, 2016, counsel for The McCarty Corporation ("McCarty") issued a Notice of Records Deposition and Subpoena to Timothy J. Young of The Young Firm, which seeks production of any documents or information provided to any bankruptcy trusts as well as any and all settlement documents and checks reflecting payments made to Jesse Frank Sheppard by any bankruptcy trusts.

The Young Firm represented Sheppard in an earlier asbestosis suit that was dismissed. Current counsel represents Sheppard on a claim based on his diagnosis with cancer.  Citing case law from other circuits, Sheppard contends that courts have held that settlement documents, including statements of exposure in settlement releases, are not discoverable.  Sheppard argues that allowing such discovery would deter settlement in asbestos litigation.  Sheppard notes that in *Davis v. Johns-Manville Products*, 1990 WL 162844, *1 (E.D. La. October 16, 1990), the court held that the disclosure of settlements would not lead to the discovery of admissible evidence because such information would not prove liability, would not influence the amount of

2

contribution to which a defendant may be entitled, and would not result in a reduction of a final judgment against the defendant.

Sheppard asks the Court to quash the notice of deposition to Young and find that the information sought is neither relevant nor proportionate to the needs of the case.

On December 22, 2016, counsel for General Electric Company ("GE") issued a Notice of Records Deposition and Subpoena to Malissa Antonucci, Manville Personal Injury Settlement Trust, which seeks production of (Topic Nos.) (3) any and all claims made to the Manville Personal Injury Settlement Trust by or on behalf of Jesse Frank Sheppard; (4) any and all claims documents referencing any claim(s) made to the Manville Personal Injury Settlement Trust by or on behalf of Jesse Frank Sheppard; and (5) any and all sworn statements, affidavits, and/or depositions given by or on behalf of Jesse Frank Sheppard.  Sheppard seeks to quash the foregoing topic numbers in the subpoena for the same reasons that he seeks to quash the subpoena propounded on Young.

McCarty[1] notes that Sheppard did not sue it in the earlier litigation, *Aarons v. Phillips 66 Company*, in which Young represented Sheppard.  During his deposition, counsel showed Sheppard an "Affidavit of Exposure" produced to counsel for Chevron by Young in the earlier litigation.  Sheppard acknowledged the document and his signature.  McCarty seeks to discover whether Sheppard filed other claims with other bankruptcy trusts.  McCarty contends that the information is necessary to demonstrate the fault of other parties at trial.

---

[1] For all intents and purposes, McCarty also refers to GE when the Court discusses McCarty's arguments.  Any discrete argument advanced by GE will be outlined below.

3

McCarty argues that the information is relevant to causation and setoffs.  It notes that several states – but not Louisiana – have enacted litigation to reduce the opportunity to suppress evidence to analyze causation and to determine liability for exposure in asbestos civil tort actions.  McCarty argues that Sheppard's claims are subject to Louisiana's pre-comparative fault law, which means that all non-settling defendants are entitled to a credit for the virile share of settled entities if the settled entities are proved to be at fault at trial.

McCarty further contends that the settlement agreements are discoverable to establish whether Sheppard reserved or waived any rights with respect to potential recoveries from the released parties.  McCarty argues that any assertions regarding a plaintiff's alleged exposure to the products of a bankrupt entity are considered admissions against their own interests.

Citing the case law relied on by Sheppard, McCarty argues that all of the opinions are inapposite because the courts only held that a settlement agreement was inadmissible – not non-discoverable – to prove liability, and/or the amount of the settlement is not discoverable.

While GE advances the same arguments to this Court, GE – as noted – propounded its subpoena on a different entity, the Johns Manville Trust.  GE contends that there is evidence that Sheppard submitted a claim to the Manville Trust and received compensation for exposure to asbestos, the same asbestos alleged in this lawsuit.  GE notes that to submit a claim, a claimant must sign a proof of claim form in which he certifies that all representations as to exposure to asbestos by Johns-Manville products are true and accurate.  GE thus propounded a notice of records deposition and subpoena on the Trust to obtain information concerning Sheppard's claim,

evidence that Sheppard himself criticizes GE for failing to attach to its motion for partial summary judgment.

### B.     Law and Analysis

Federal and state courts have routinely held that claims submitted to asbestos bankruptcy trusts are discoverable. *See Willis v. Buffalo Pumps, Inc.*, No. 12cv744, 2014 WL 2458247 (C.D. Cal. June 2, 2014); *Nat'l Union Fire Ins. Co. v. Porter Hayden Co.*, 2012 WL 628493 (D. Md. Feb. 24, 2012); *Ferguson v. Lorillard Tobacco Co. Inc.*, 2011 WL 5903453 (E.D. Pa. Nov. 22, 2011); *Shepherd v. Pneumo-Abex, L.L.C.*, 2010 WL 3431633 (E.D. Pa. Aug.30, 2010); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2009 WL 6869437 (E.D. Pa. Sept.18, 2009). However, the courts have also recognized a distinction between claim submissions and settlement offers or other documents received from the bankruptcy trusts. Courts have generally found that documents provided from the trusts to plaintiffs regarding offers of compromise or settlement amounts are not discoverable. *See Willis*, 2014 WL 2458247, at *2; *Asbestos Prods. Liab. Lit.*, 2009 WL 6869437, at *1 (compelling the plaintiffs to produce claim forms and other documents submitted to bankruptcy trusts, but allowing the plaintiffs to withhold documents that contained "specific instances of offers of compromise, as opposed to factual assertions of economic loss."); *Shepherd*, 2010 WL 3431633, at *2 (granting the defendants' request for bankruptcy trust claims submitted by the plaintiff but allowing the redaction of any reference to offers of compromise or ultimate settlement amounts); *Nat'l Union Fire Ins. Co.*, 2012 WL 628493, at *4 (denying motion to quash subpoenas to bankruptcy trusts where the subpoenaed information did not include settlement figures or evidence of negotiations or compromise); *Ferguson*, 2011 WL 5903453 at *1 (ordering

the plaintiff to respond to discovery seeking claims submitted to bankruptcy trusts, but allowing the plaintiff to redact references to offers of compromise or settlement amounts).

In addition, at least one court has reasoned:

> [W]hile the proofs of claim are partially settlement documents, they are also presumably accurate statements of the facts concerning asbestos exposure of the plaintiffs. While they may be filed by the attorneys, the attorneys do stand in the shoes of the plaintiffs and an attorney's statement is an admission under New York law. Therefore, any factual statements made in the proofs of claim about alleged asbestos exposure of the plaintiff to one of the bankrupt's products should be made available to the defendants who are still in the cases.

*In re New York City Asbestos Litig.*, 966 N.Y.2d 347, at *5 (N.Y. Sup. Ct. Nov. 15, 2012).

The Court finds the reasoning of these cases sound and applicable to this case. Accordingly, the Court finds all documents that Sheppard submitted to the bankruptcy trusts, including claim forms, supporting documentation, and supplemental information are discoverable. However, McCarty's subpoena also specifically seek documentation regarding "settlements." Because specific instances of offers to compromise are generally not discoverable, the Court finds that it is not appropriate for McCarty to request settlement information from the trusts or from Young. Federal Rule of Civil Procedure 45(d)(A) provides that a court may modify a subpoena as an alternative to quashing a subpoena entirely. Fed. R. Civ. P. 45(d)(A). Accordingly, the Court will modify McCarty's subpoena to exclude requests for documents related to settlements, offers of compromise, and payments under settlement agreements. GE's subpoena requires no modification given that it seeks no settlement information. However, Sheppard may redact settlement information from any documents that it must produce to McCarty and/or GE.

## III. The Motion to Overrule

### A. The Parties' Arguments

The third motion before the Court is Plaintiff's Motion to Overrule Riley Power, Inc.'s Objections and Compel Meaningful Responses to Plaintiff's Discovery Sanctions. [Doc. #189]. Riley Power objected to the majority of plaintiff's discovery requests that seek information regarding asbestos-containing products that it manufactured, sold, etc. It objected on the ground that Sheppard did not recognize the name Riley Stoker or testify to working on a Riley Power boiler during his deposition. However, Sheppard testified that he worked on numerous boilers, including work that required him to handle insulation. While Sheppard admittedly did not recognize the Riley Power name, counsel has learned that Riley Power's boilers were present at Sheppard's work locations.

Sheppard asks the Court to overrule Riley Power's objection to Int. No. 5 and to all those requests that referred to its response to Int. No. 5.

Riley Power notes that it delivered amended responses to Sheppard on December 21, 2016 and argues that the motion is thus moot. Riley Power contends that Sheppard never testified to working on a boiler outside of the Garden Island Bay Facility. Riley Power has already filed its motion for summary judgment with an affidavit that reflects that Riley Power had no boilers at said facility. Riley Power thus contends that the information sought is neither relevant nor proportionate to the needs of the case.

7

B.     **Law and Analysis**

It is not clear from the record before the Court that this motion is moot, as Riley Power argues.  If it is not, the Court denies the motion except as to any facility at which Sheppard worked and at which Riley Power had boilers.  The Court finds this information proportionate to the needs of the case.  Fed. Rule Civ. P. 26(b)(1).  That Sheppard did not testify that he recognized the name Riley Power or potentially confused where he might have worked next to boilers is of no moment.  That is the precise point of discovery.  Not every plaintiff knows the name of the manufacturer of a product by which he may have been harmed.  Indeed, not every plaintiff expects that he will be harmed by a certain product, thereby necessitating the need to remember the name of the manufacturer in case – 40 years down the road – he develops a disease that may have been caused by that product.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Quash Subpoena and Notice of Records Deposition [Doc. #175] is GRANTED IN PART to the extent that the subpoena is modified as outlined above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash Subpoena and Notice of Records Deposition and Motion for Protective Order [Doc. #264] is GRANTED in full given that this subpoena seeks no settlement documents.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Overrule Rile Power, Inc.'s Objections and Compel Meaningful Responses to Plaintiff's Discovery Sanctions [Doc. #189] is

GRANTED IN PART to the extent that the Court orders Riley to respond to plaintiff's discovery requests related to any facility at which Sheppard worked and at which Riley Power may have had boilers.

    New Orleans, this 23rd day of January, 2017.

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**