UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE FRANK SHEPPARD                                     CIVIL ACTION

VERSUS                                                          NO. 16-2401

LIBERTY MUTUAL INSURANCE                          SECTION "R" (3)
COMPANY, ET AL.


**<u>ORDER AND REASONS</u>**


Plaintiff Jesse Frank Sheppard moves, for the second time, to remand this case to the Civil District Court for the Parish of Orleans.  Because jurisdiction in this Court remains proper under the Outer Continental Shelf Lands Act (OCSLA), Sheppard's motion is denied.


## I.      BACKGROUND

This suit was originally filed in the Civil District Court for the Parish of Orleans.[1] Defendant Mosaic Global Holdings Inc. removed to this Court on March 22, 2016.[2]  In his complaint, Sheppard alleges that he worked "in various positions" for Mosaic's predecessor company, Freeport Sulphur Company.[3] During his time at Freeport, Sheppard was allegedly exposed to asbestos "[o]n a daily basis."[4]  Sheppard asserts that this exposure caused him to develop asbestos-related cancer, lung cancer, and/or

---

[1]      R. Doc. 1 at 1.
[2]      *Id.*
[3]      R. Doc. 1-1 at 5.
[4]      *Id.* at 4.

mesothelioma.[5]  Although Sheppard stopped working for Freeport in the early- to mid-1990s,[6] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[7]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[8] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[9]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in solidio* liable."[10]  He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[11]

In its notice of removal to this Court, Mosaic invoked the federal Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*[12]  OCSLA provides a broad jurisdictional grant over "cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf." 43 U.S.C § 1349(b)(1).  To support jurisdiction under this statute, Mosaic pointed to Sheppard's allegations that he

---

[5]      *Id.* at 6.
[6]      Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976."  R. Doc. 1-1 at 5, 6.
[7]      R. Doc. 1-1 at 6.
[8]      *Id.* at 6, 7.
[9]      *Id.* at 3, 4, 8.
[10]     *Id.* at 29.
[11]     *Id.*
[12]     R. Doc. 1.

was exposed to asbestos at Mosaic's Freeport facility, which is located on the Outer Continental Shelf.[13]

Sheppard responded by moving to amend his complaint to remove any allegations regarding the Caminada facility.[14]  Magistrate Judge Knowles denied Sheppard's motion, and found that Sheppard's proposed amendments were both futile and sought in bad faith.[15]   The Court later denied Sheppard's appeal of Magistrate Judge Knowles' decision.[16] The Court also denied Sheppard's motion to remand to state court.  In doing so, the Court found that "Sheppard's allegation that he suffered daily exposure to asbestos while working at Caminada, and that this exposure led to his illness, is sufficient to invoke federal jurisdiction under OCSLA."[17]

On the same day that it denied Sheppard's motion to remand, the Court granted Mosaic's motion to dismiss certain of Sheppard's claims for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  In doing so, the Court found that Sheppard's failure to meet the requirements of Rule 9(b) may have reflected a mere pleading defect, rather than a more fundamental problem with his claims.[18] Accordingly, the Court dismissed Sheppard's fraud claim without prejudice, and gave Sheppard leave to amend the facts supporting this claim.[19]

---

[13]   *See* R. Doc. 1-1 at 5.
[14]   R. Doc. 5.
[15]   R. Doc. 60 at 5.
[16]   R. Doc. 108.
[17]   R. Doc. 144 at 12.
[18]   *Id.* at 9.
[19]   *Id.*

Sheppard filed an amended complaint on December 9, 2016.[20] Undaunted by the Court's earlier order on this exact issue, Sheppard amended his complaint to remove the Caminada allegations.[21]  Sheppard now moves, once again, for remand.[22]

## II.    LEGAL STANDARD

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."  *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III.    DISCUSSION

Sheppard's motion to remand fails for two reasons.  First, the amendment that supports Sheppard's motion was made in direct contravention of a previous order of this Court, and the amendment is therefore properly struck.  Second, even if the Court did permit the amendment, removing the Caminada allegations does nothing to disturb the Court's earlier finding of jurisdiction.

---

[20]    R. Doc. 166.
[21]    *Id.*
[22]    R. Doc. 183.

As noted, the Court previously upheld the Magistrate Judge's denial of Sheppard's motion for leave delete his allegations concerning Caminada.  The Court's later grant of leave to amend was for the limited purpose of supplementing Sheppard's factual allegations to support a fraud claim.  This was not a freewheeling grant of leave to make any and all amendments.  *See*, *e.g.*, *Giron v. Wells Fargo Bank, N.A.*, No. 14-02437, 2014 WL 3434127, at *2 (C.D. Cal. July 11, 2014) (rejecting plaintiff's amendments that went beyond scope of issues considered on motion to dismiss).  And it was certainly not leave to ignore the Court's previous orders. Sheppard's amendments concerning Caminada are therefore properly struck.

Even if Sheppard's amendment were proper, it would have no effect on the Court's earlier finding of jurisdiction under OCSLA.  "[A] court looks at the claims in the state court petition as they existed at the time of removal when determining whether federal jurisdiction is present for purposes of removal."  *Bouie v. Equistar Chemicals LP*, 188 F. App'x 233, 238-39 (5th Cir. 2006); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("[I]t has often been stated that the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction.").  Deleting the Caminada allegations therefore has no effect.

In his motion, Sheppard portrays the Court as asserting supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c).  Sheppard argues that the factors in that statute militate against exercise of jurisdiction in this case.  As the Court has already explained,[23] section 1367(c) is irrelevant here.  Sheppard does not have a mix of state and federal claims.  Rather, all of Sheppard's claims "aris[e] out of, or in connection with"

---

[23]   R. Doc. 144 at 14.

5

operations on the OCS.  43 U.S.C § 1349(b)(1).  The Court therefore maintains federal question jurisdiction over all of his claims, and need not exercise supplemental jurisdiction over any of them.

## IV.    CONCLUSION

For the foregoing reasons, Jesse Frank Sheppard's second Motion for Remand is DENIED. Furthermore, Sheppard's amendments concerning the Caminada facility are struck.

New Orleans, Louisiana, this __24th__ day of January, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE