UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE FRANK SHEPPARD                                              CIVIL ACTION

VERSUS                                                                           NO. 16-2401

LIBERTY MUTUAL INSURANCE                                    SECTION "R" (3)
COMPANY, ET AL.


**ORDER AND REASONS**

Mosaic Global Holdings Inc. moves to dismiss Plaintiff Jesse Frank Sheppard's fraud claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court finds that Sheppard has failed to plead with adequate specificity what information was withheld, Mosaic's motion is granted.

I.   **BACKGROUND**

This suit was originally filed in the Civil District Court for the Parish of Orleans.[1] Defendant Mosaic Global Holdings Inc. removed the action to this Court on March 22, 2016.[2] In his complaint, Sheppard alleges that he was exposed to asbestos "[o]n a daily basis" as an employee of Mosaic's predecessor company, Freeport Sulphur Company.[3] This exposure allegedly caused Sheppard to develop asbestos-related cancer, lung cancer,

---

[1]     R. Doc. 1 at 1.
[2]     *Id.*
[3]     R. Doc. 1-1 at 5.

and/or mesothelioma.[4] Although Sheppard stopped working for Freeport in the early- to mid-1990s,[5] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[6]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[7] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[8]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in solidio* liable."[9] He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[10]

On November 17, 2016, the Court granted Mosaic's first motion to dismiss Sheppard's fraud claim against Mosaic under the heightened pleading standards of Federal Rule of Civil Procedure 9(b).[11] In doing so, the Court found that Sheppard had failed to individually plead what Mosaic gained by allegedly withholding information from Sheppard.[12] In its order, the Court granted Sheppard leave to amend his claim.[13]

---

[4]  *Id.* at 6.
[5]  Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976." R. Doc. 1-1 at 5, 6.
[6]  R. Doc. 1-1 at 6.
[7]  *Id.* at 6, 7.
[8]  *Id.* at 3, 4, 8.
[9]  *Id.* at 29.
[10] *Id.*
[11] R. Doc. 143.
[12] *Id.*
[13] *Id.*

On December 8, 2016, Sheppard moved to amend his complaint and reallege his fraud claim against Mosaic.[14] Mosaic now moves to dismiss Sheppard's amended fraud claim, and argues that Sheppard's allegations remain inadequate to state a claim under the heightened pleading standards of Federal Rule of Civil Procedure 9(b).[15]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). A court is permitted, however, to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may not

---

[14]   R. Doc. 164.
[15]   R. Doc. 205.

consider new factual allegations made outside the complaint. *See Fin. Acquisition Partners, LP*, 440 F.3d at 289.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for fraud claims. The purpose of Rule 9(b) is to "ensur[e] the complaint 'provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'" *United States ex. rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The required conditions of a person's mind, however, may be alleged generally. *Id.* The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009), *cert. denied*, 588 U.S. 873 (2009). In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The requirements of Rule 9(b) are "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Lentz v. Trinchard*, 730 F.Supp.2d 567, 579 (E.D. La. 2010) (citing *Grubbs*, 565 F.3d at 185) (quoting *Twombly*, 550 U.S. at 570). State-law fraud claims, such as those alleged by plaintiff here, are subject to the pleading requirements of Federal Rule of Civil Procedure

4

9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. "Fraud may also result from silence or inaction." *Id.* The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Medical Center v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008), *cert. denied*, 555 U.S. 1046 (2008); *see also Gonzalez v. Gonzalez*, 20 So.3d 557, 563 (La. Ct. App. 2009), *writ denied*, 27 So.3d 305 (La. 2010).

In cases concerning "omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the misrepresentations misleading." *Carroll v. Fort St. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). To state a claim for fraud by silence or inaction, plaintiffs also must show that the there was a duty to disclose the information. *Kadlec Medical Center*, 527 F.3d at 418 ("To establish a claim for intentional misrepresentation when it is by silence or inaction, plaintiffs also must show that the defendant owed a duty to the plaintiff to disclose the information."); *see also Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La. 1992) ("To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information.").

## III.   DISCUSSION

As stated in the Court's earlier order on this point, courts in this district recognize that "[f]raud by silence . . . 'is, by its very nature, difficult to plead with particularity.'" *In*

5

re Ford Motor Co. Vehicle Paint Litig., No. 1063, 1997 WL 539665, at *3 (E.D. La. Aug. 27, 1997) (quoting *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F. Supp. 587, 598 (E.D. La. 1993)). This does not, however, excuse plaintiffs alleging such fraud from the requirements of Rule 9(b). Therefore, to plead a claim for fraudulent concealment, the plaintiff must specifically allege: "(1) the information that was withheld, (2) the general time period during which the fraudulent conduct occurred, (3) the relationship giving rise to the duty to speak, and (4) what the person or entity engaged in the fraudulent conduct gained by withholding the information." *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. 15-638, 2016 WL 5869787, at *9 (E.D. La. Oct. 7, 2016); *see also Sarrat v. Univar U.S.A., Inc.*, No. 14-1017, 2014 WL 3588849, at *2 (E.D. La. July 18, 2014) (applying test); *In re Ford Motor Co. Vehicle Paint Litig.*, 1997 WL 539665, at *3 (same).

The Court finds that Sheppard has once again failed to plead the "who, what, when, where, and how" that is necessary to meet Rule 9(b)'s heightened pleading requirement. A claim for fraudulent concealment is based on an imbalance of knowledge between the plaintiff and the defendant. Accordingly, to bring such a claim, a plaintiff must allege both: (1) that the defendant concealed information; and (2) that the plaintiff "did not have actual or constructive knowledge of the information and could not have learned of the information through the exercise of due diligence." *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 396-97 (E.D. La. 1997) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 412–13 (5th Cir. 1990)).

Sheppard alleges that Mosaic knew that asbestos was hazardous at the time of Sheppard's exposure. But to do so, Sheppard relies almost entirely on allegations that the hazards of asbestos were *generally* known at that time. For instance, Sheppard alleges that "[s]tandards regarding the proper handling of asbestos have been in existence since

6

at least the early 1950s" and that "asbestosis was listed as a compensable occupational disease under the Louisiana Worker's Compensation Act of 1952."[16] Sheppard further alleges that "[t]he health hazards of asbestos have been recognized by those in the business for two thousand years," and attributes knowledge of this danger to Strabo, the ancient Greek geographer, and Pliny the Elder, the Roman historian.[17] Finally, Sheppard alleges that, by the time he began working with asbestos "virtually every state in the Unite[d] States recognized asbestosis as compensable claims under workers' compensation laws."[18] Information promulgated by legislators and other public sources is not unique to Mosaic, and could be learned through the exercise of due diligence, and therefore does not support a claim for fraudulent concealment.

Sheppard's attempts to attribute unique knowledge of asbestos dangers to Mosaic are comparatively slim. These allegations center around Mosaic's membership in a group called the National Safety Council (NSC). According to Sheppard, the NSC "would publish information to its members regarding hazards in the workplace, including asbestos."[19] Members of the NSC, therefore, "would have had access to information about the hazards of asbestos and the means to control those hazards relating to asbestos-containing materials by even the early 1940s."[20] Sheppard includes no allegations of what specific information was conveyed from the NSC to Mosaic, or how the NSC's information compared to generally-available information on asbestos danger. In other words, Sheppard fails to allege any specific information concerning the danger of asbestos that

---

[16] R. Doc. 166 at 3-4.
[17] R. Doc. 1-1 at 9-10.
[18] *Id.*
[19] R. Doc. 166 at 4.
[20] *Id.*

was, at the time of Sheppard's exposure, both: (1) known to Mosaic; and (2) not generally known such that it could not have been obtained by Sheppard though reasonable diligence.  Accordingly, Sheppard's fraud claim against Mosaic must be dismissed.

The Court further finds, for two reasons, that it is appropriate to dismiss this claim with prejudice.  First, Sheppard did not ask the Court for leave to further amend his complaint, and this alone provides sufficient grounds to enter dismissal with prejudice. *See Wentzell v. JPMorgan Chase Bank, Nat. Ass'n*, 627 F. App'x 314, 319 (5th Cir. 2015*)* ("a party must 'expressly request' leave to amend" (quoting *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).  Second, the Court finds that Sheppard's vague allegations, even on this second attempt, are not making progress towards an actionable claim for fraud.  The Court therefore finds that further leave to amend is unwarranted. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

Finally, Mosaic also moves to strike Sheppard's amendments concerning his work at Mosaic's Caminada plant. The Court has already struck these amendments in its order denying Sheppard's second motion for remand. This portion of Mosaic's motion is accordingly denied as moot.

8

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Mosaic's motion to dismiss Sheppard's fraud claim against Mosaic for failure to state a claim. Mosaic's claims are DISMISSED WITH PREJUDICE. Mosaic's motion to strike is DENIED AS MOOT.

New Orleans, Louisiana, this __24th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE