UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE FRANK SHEPPARD                                    CIVIL ACTION

VERSUS                                                          NO. 16-2401

LIBERTY MUTUAL INSURANCE                        SECTION "R" (3)
COMPANY, ET AL.

## ORDER AND REASONS

Liberty Mutual Insurance Company, in its individual capacity, moves
for summary judgment on the grounds that plaintiff Jesse Frank Sheppard
has failed to show that Liberty Mutual had any duty towards Sheppard.  For
the following reasons, Liberty Mutual's motion is granted.

## I.    BACKGROUND

This suit was originally filed in the Civil District Court for the Parish of
Orleans.[1]  Defendant Mosaic Global Holdings Inc. removed the action to this
Court on March 22, 2016.[2]  In his complaint, Sheppard alleges that he was
exposed to asbestos "[o]n a daily basis" as an employee of Mosaic's

---

[1]    R. Doc. 1 at 1.
[2]    *Id.*

predecessor company, Freeport Sulphur Company.[3]  This exposure allegedly caused Sheppard to develop asbestos-related cancer, lung cancer, and/or mesothelioma.[4]  Although Sheppard stopped working for Freeport in the early- to mid-1990s,[5] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[6]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[7] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[8]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in*

---

[3]    R. Doc. 1-1 at 5.
[4]    *Id.* at 6.
[5]    Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976."  R. Doc. 1-1 at 5, 6.
[6]    R. Doc. 1-1 at 6.
[7]    *Id.* at 6, 7.
[8]    *Id.* at 3, 4, 8.

*solidio* liable."[9]   He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[10]

During Sheppard's tenure at Mosaic, Liberty Mutual Insurance Company issued several worker's compensation/employer's liability and comprehensive general liability policies to Mosaic.[11]   In his complaint, Sheppard alleges that Liberty Mutual "knew or should have known of the hazardous health effects of asbestos, but failed to inform or intentionally concealed that information from Mr. Sheppard and his co-employees."[12] Liberty Mutual now moves for summary judgment on these claims on the grounds that Sheppard has failed to meet his burden to show that Liberty Mutual had any duty towards Sheppard.[13]

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v.*

---

[9]     *Id.* at 29.

[10]    *Id.*

[11]    R. Doc. 259-2 at 3-7.

[12]    R. Doc. 1-1 at 5.

[13]    Sheppard also brings a direct action against Liberty Mutual as the insurance carrier for individual safety officers at Mosaic who are deceased or cannot be located.  This Order does not concern those allegations.

*Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

Under Louisiana's general negligence statute, Louisiana Civil Code article 2315, courts conduct a "duty-risk analysis" to determine whether to impose liability. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir.

2008) (quoting *Lemann v. Essen Lane Daiquiries, Inc.*, 923 So. 2d 627, 632-33 (La. 2006)).  A plaintiff must prove each of five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard of care (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-duty element); and (5) actual damages (the damages element). *See S.J. v. Lafayette Par. Sch. Bd.*, 41 So. 3d 1119, 1125 (La. 2010); *see also Knight v. Kellogg Brown & Root Inc.*, 333 Fed. Appx 1, 6 (5th Cir. 2009) (applying Louisiana law).  A plaintiff's failure to prove any one of these elements results in a determination of no liability. *Knight*, 333 Fed. Appx at 6.

In Louisiana, "[t]he threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law." *Bufkin v. Felipe's Louisiana, LLC*, 171 So. 3d 851, 855 (La. 2014).  Under the "Good Samaritan" Doctrine, "parties who voluntarily assume certain duties for workplace safety must perform those duties in a reasonable and prudent manner." *Bujol v. Entergy Servs.*, Inc., 922 So. 2d 1113, 1129 (La. 2004).  Sheppard argues that Liberty Mutual voluntarily

undertook to inspect Mosaic's facility, and otherwise involved itself in Mosaic's workplace safety regime, and thereby assumed a duty for safety at Mosaic's facilities.  Neither Sheppard nor Mosaic, which filed an opposition to Liberty Mutual's motion, identify a single case holding that, under Louisiana law, an insurer may assume a duty for the safety of its insured's employees by inspecting or otherwise involving itself in workplace safety.

Liberty Mutual issued several successive worker's compensation insurance policies to Mosaic between 1966 and 1988.[14]  Liberty Mutual asserts, and neither Sheppard nor Mosaic disputes, that the actual insurance policies entered into between Mosaic and Liberty Mutual have been lost.[15]  Therefore, to argue that it undertook no duty relating to Sheppard's safety, Liberty Mutual points to form worker's compensation "policy jackets" corresponding to the years that Liberty Mutual insured Mosaic.  These policy jackets contain the following "Inspection and Audit" provisions:

(1)    GPO 2080 R1, dated October 1, 1966:

Inspection and Audit. The company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or

---

[14]    R. Doc. 160-1 at 6.
[15]    *Id.*

warrant that such workplaces, operations, machinery or equipment are safe.[16]

(2)     GPO 2080 Ed. 6, dated March, 1975:

Inspection and Audit. The company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe or healthful, or are in compliance with any law, rule or regulation.[17]

(3)     GPO 4029 15628, dated April 1, 1984:

Inspection. We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes, or standards. Insurance rate service organizations have the same rights we do under this provision.[18]

An affidavit prepared by Steven M. Ginsburg, a Liberty Mutual Employee,

asserts that each policy issued by Liberty Mutual to Mosaic "would have

---

[16]     *Id.* at 10.
[17]     *Id.* at 14.
[18]     *Id.* at 21.

included form [worker's compensation] policy jackets," all of which would have included one of the three inspection provisions.[19]

Louisiana courts have repeatedly held that language similar to these three inspection provisions precludes a finding of a duty on the part of an insurer to protect the safety of the insured's employees. In *Kennard v. Liberty Mut. Ins. Co.*, 277 So. 2d 170, 171 (La. App. 1 Cir. 1972), Louisiana's First Circuit Court of Appeal considered a suit brought by an injured employee against his employer's worker's compensation insurer.   The insurer's policy stated that the insurer was "permitted but not obligated" to inspect the premises covered by the policy, and that such inspections did not "constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe."  *Id.* at 171.  Based on this provision, the court found it "clear that any inspections made by the insurer are made only in connection with the contract between the insurer and its insured." *Id.* Accordingly, the court upheld the trial court's grant of summary judgment based on a finding of no duty on the part of the insurer.  *Id; see also Heath v. B.J. Hughes, Inc.*, 431 So. 2d 68, 69 (La. Ct. App. 1983) (finding no duty in case with "[a]lmost the exact factual setting and policy language [that]

---

[19]      *Id.* at 7.

confronted this court in *Kennard*" and stating that the "policy language makes it clear that the inspections were made only in connection with the contract of insurance, and not for the benefit of plaintiff.").

In *Taylor v. Jim Walter Corp.*, 731 F.2d 266 (5th Cir. 1984), the Fifth Circuit considered a suit by plaintiffs who were injured in a plant explosion and fire. The plaintiffs sued the plant owner's insurer, which had periodically inspected the plant, and alleged that the insurer's negligent inspection was among the causes of the explosion. *Id.* at 267. The insurance policy in question permitted, but did not require, inspections and disclaimed any resulting undertaking on behalf of the insured or others. *Id.* Relying on *Kennard* and *Heath*, the Fifth Circuit stated that Louisiana law on this point is "clear": "the insurance carrier owed no duty to the employees of the insured even though it conducted safety inspections of the work place." *Id.* (internal quotations and modifications omitted). Later Louisiana appellate cases have reaffirmed this stance. *See Kent v. Jomac Prod., Inc.*, 542 So. 2d 99 (La. App. 1 Cir. 1989); *Tomasich v. U.S. Fid. & Guar. Co.*, 470 So. 2d 191 (La. App. 4 Cir. 1985).

The policy language considered in these cases is materially indistinguishable from the provisions at issue here. All the policies grant the insurer the right, but not the obligation, to inspect the insured's premises

and disavow any undertaking on behalf of or for the benefit of the insured or others concerning safety. Accordingly, the Court is bound by the clear Louisiana law that such provisions negate any duty that might otherwise arise from an insurer's inspection of its insured's premises. Liberty Mutual's motion must therefore be granted.

Sheppard, with an assist from Mosaic, attempts to resist this conclusion in three ways. First, Sheppard argues that because Liberty Mutual cannot produce the actual policy jackets in question, an issue of fact exists as to whether the policies included the provisions described above. Second, Sheppard maintains that Liberty Mutual did more than merely inspect Mosaic's facility, and that Liberty Mutual's actions suffice to give rise to liability. Third, Sheppard argues that Liberty Mutual may be liable under it comprehensive general liability policy in addition to its worker's compensation policies. These arguments are unavailing.

As an initial matter, the Court reiterates that Sheppard, as the plaintiff, has the burden to show that Liberty Mutual had the duty alleged. Merely poking holes in Liberty Mutual's arguments *against* a duty will not suffice. As to Sheppard's first argument, he merely points out that the specific policy jackets have been lost. But he points to no evidence tending to contradict Ginsburg's account that Liberty Mutual included form policy jackets with all

of its policies. Sheppard therefore cannot meet his burden to show that these provisions do not serve to negate Liberty Mutual's purported duty.

Sheppard's second argument is unpersuasive because he fails to meaningfully distinguish Liberty Mutual's involvement in Mosaic's safety operation from the relationships at issue in *Heath*, *Kennard*, and *Taylor*. Sheppard relies heavily on a single statement from Gerald Becker, Mosaic's former safety director, that Liberty Mutual was "very involved" and "a big part" of Mosaic's safety systems.[20]   Despite this characterization, Becker describes Liberty Mutual's role as simply performing periodic inspections and making safety-related suggestions to Mosaic.[21]   Similarly, letters[22] and memos[23] from Liberty Mutual describing the results of inspections and providing guidance on safety procedures are communications that naturally arise out of an inspection and do not serve to distinguish this case from the many cases finding no duty on the part of the inspecting insurer.

Finally, Mosaic, on behalf of Sheppard, argues that Liberty Mutual's CGL policies are "not the subject of summary judgment" and argues that this fact precludes summary judgment.   This argument, once again,

---

[20]   R. Doc. 253-4 at 25.
[21]   *Id.*
[22]   R. Doc. 253-5.
[23]   R. Doc. 253-7.

misapprehends Sheppard's burden in this case. Neither Sheppard nor Mosaic present any authority or evidence to suggest that these CGL polices give rise to a duty.  Even if Sheppard did make such an argument, Liberty Mutual provides evidence that these policies included similar inspection provisions to those found in the worker's compensation policies.[24]  This argument is therefore unavailing.

## IV.   CONCLUSION

For the foregoing reasons, Liberty Mutual's Motion for Summary Judgment is GRANTED.  This Order applies only to claims against Liberty Mutual in its individual capacity, and has no bearing on Sheppard's claims against Liberty Mutual in its limited capacity as the alleged insurer of purported Mosaic executives.

New Orleans, Louisiana, this __30th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24]    R. Doc. 385-1.