UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE FRANK SHEPPARD                  CIVIL ACTION

VERSUS                  NO. 16-2401

LIBERTY MUTUAL INSURANCE                  SECTION "R" (3)
COMPANY, ET AL.

## ORDER AND REASONS

Defendants move to exclude expert opinion testimony of plaintiff Jesse Frank Sheppard's treating physicians on the grounds that Sheppard failed to comply with expert disclosure requirements. In the alternative, defendants argue that the physicians are not qualified to give opinions as to the cause of Sheppard's illness. Because the Court finds that Sheppard has failed to meet the applicable disclosure requirements, defendants' motion is granted and the Court does not address the treating physicians' qualifications.

### I.   BACKGROUND

This suit was originally filed in the Civil District Court for the Parish of Orleans.[1] Defendant Mosaic Global Holdings Inc. removed the action to this Court on March 22, 2016.[2] In his complaint, Sheppard alleges that he was

---

[1]     R. Doc. 1 at 1.
[2]     *Id.*

exposed to asbestos "[o]n a daily basis" as an employee of Mosaic's predecessor company, Freeport Sulphur Company.[3] This exposure allegedly caused Sheppard to develop asbestos-related cancer, lung cancer, and/or mesothelioma.[4] Although Sheppard stopped working for Freeport in the early- to mid-1990s,[5] Sheppard's asbestos-related ailments were first diagnosed in October 2015.[6]

In addition to Freeport/Mosaic, Sheppard sues several defendants involved in the manufacture, distribution, and sale of asbestos-containing products that Sheppard allegedly encountered in the course of his work.[7] Sheppard also brings claims against insurance companies that allegedly provided coverage to defendants for asbestos-related claims and withheld information from Sheppard about the danger of asbestos.[8]

Sheppard brings claims for "negligence, intentional tort, fraud, and strict liability," and alleges that all defendants are "jointly, severally, and *in*

---

[3]   R. Doc. 1-1 at 5.
[4]   *Id.* at 6.
[5]   Sheppard's complaint is inconsistent on this point. Sheppard alleges variously that his tenure at Freeport, and exposure to asbestos, ran from "approximately 1967 through 1992," from "approximately 1967 through 1994," and "from 1967 through 1976." R. Doc. 1-1 at 5, 6.
[6]   R. Doc. 1-1 at 6.
[7]   *Id.* at 6, 7.
[8]   *Id.* at 3, 4, 8.

*solidio* liable."[9]  He seeks damages for, among other things, physical and mental pain, loss of life, loss of income, and medical expenses.[10]

## II.  DISCUSSION

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony.  Fed. R. Civ. P. 26.  Experts retained by a party must provide an expert report pursuant to Rule 26(a)(2)(B). *Hooks v. Nationwide Hous. Sys., LLC*, No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016).  Before 2010, non-retained experts, such as treating physicians, were exempt from disclosure requirements under certain circumstances.  *Id.* (citing *Perdomo v. United States*, No. 11-2374, 2012 WL 2138106 at *1 (E.D. La. 2012)).  Following Congress' 2010 amendments to Rule 26, non-retained experts are subject to a separate, less stringent disclosure regime than their retained counterparts.  *Id.*  Under Rule 26(a)(2)(C), the propounding party must prepare a "disclosure" regarding any expert witness who does not provide a written report.  "[T]his disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a

---

[9]   *Id.* at 29.
[10]  *Id.*

3

summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The 2010 Advisory Committee Notes pertaining to Rule 26(a)(2)(C) make clear that treating physicians fall under the Rule's limited disclosure requirement.

Here, defendants assert that Sheppard produced no Rule 26(a)(2)(C) disclosures regarding the treating physicians. Sheppard does not dispute this. Sheppard did turn over medical records produced by the treating physicians, but "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks*, 2016 WL 3667134, at *5 (citing *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015)); *see also Knighton v. Lawrence*, No. 14-718, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("[Under Rule 26(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.").

"Failure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rule of Civil Procedure 37(c)(1)." *Hooks*, 2016 WL 3667134, at *3. Excluded witnesses or information may not be used "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Red*

4

*Dot Bldgs. v. Jacob Tech., Inc.*, 2012 WL 2061904, at *3 (E.D. La. 2012) (quoting Fed. R. Civ. P. 37). Here, Sheppard has made no showing that his omission was either justified or harmless. Accordingly, the treating physicians are excluded from offering any expert opinion testimony.

In the context of this case, any testimony regarding Sheppard's diagnosis or the cause of his illness is an expert opinion under Rule 702. Although lay witnesses may offer opinions, they may not testify regarding any opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. A leading treatise provides a concrete illustration of the distinction between a physician's lay and expert opinions:

> When the physician testifies that the plaintiff was coughing and running a fever, this is lay witness testimony governed by Rule 701. However, if the physician also testifies that he diagnosed the patient as having Reactive Airways Dysfunction Syndrome caused by exposure to a toxic chemical, then this is testimony based on scientific, technical, or other specialized knowledge and must be qualified under Rule 702.4.

S. Saltzburg, M. Martin, D. Capra, Federal Rules of Evidence Manual § 701.02[7], at 701–17 (9th ed.2006).

Asbestosis and lung cancer are complex diseases. Diagnosing these illnesses or assessing their cause requires scientific, technical, and specialized knowledge far beyond the ordinary experience of lay persons.

Accordingly, treating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of Sheppard's alleged illnesses. *See Daniels v. D.C.*, 15 F. Supp. 3d 62, 70 (D.D.C. 2014) (treating physician testifying as a lay witness could not testify to any opinions regarding diagnosis or causation of illness); *Montoya v. Sheldon*, 286 F.R.D. 602, 614 (D.N.M. 2012) (same).

The Court is cognizant that this analysis may be inconsistent with its discussion of this issue at the pretrial conference. But upon reflection, the Court is confident that this order accurately applies the post-2010 expert disclosure regime.

### III. CONCLUSION

For the forgoing reasons, defendants' motion is GRANTED. Sheppard's treating physicians may offer only lay testimony at trial.

New Orleans, Louisiana, this __2nd__ day of February, 2017.

      _____
           SARAH S. VANCE
      UNITED STATES DISTRICT JUDGE